FILED
CLERK
3:13 pm, Apr 16, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
GOLDEN INSURANCE COMPANY,

                Plaintiff,

    -against-

ELITE PARKING AREA MAINTENANCE,
INC. and ELITE SNOW, INC.,

                Defendants.
---------------------------------------------------------X
ELITE PARKING AREA MAINTENANCE,
INC. and ELITE SNOW, INC.,

                Third-Party Plaintiffs,

    -against-

JAMES F. SUTTON AGENCY, LTD.,

                Third-Party Defendant.
---------------------------------------------------------X
JAMES F. SUTTON AGENCY, LTD.,

                Fourth-Party Plaintiff,

    -against-

O'DOHERTY & CATALDO and DENNIS
O'DOHERTY, JR.,

                Fourth-Party Defendant.
---------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:16-cv-05441 (ADS)(SIL)

**APPEARANCES:**

**Weber Gallagher Simpson Stapleton Fires & Newby**
*Attorneys for the Plaintiff*
20 Independence Blvd Suite 201
Warren, NJ 07059
      By:    Erdal Ayhan, Esq.,

1

2000 Market Street; 13th Floor
Philadelphia, PA 19103
  By: Ryan Ashley Nolan, Esq.,
    Timothy Wayne Stalker, Esq.,
    Kenneth M. Portner, Esq., Of Counsel.

**McGiff Halverson LLP**
*Attorneys for the Defendants/Third-Party Plaintiffs*
96 South Ocean Avenue
Patchogue, NY 11772
  By: Daniel Joseph O'Connell, Esq.,
    Stephen J. McGiff, Esq., Of Counsel.

**Keidel, Weldon & Cunningham, LLP**
*Attorneys for the Third-Party Defendants/Fourth-Party Plaintiffs*
925 Westchester Avenue Suite 400
White Plains, NY 10604
  By: Darren P. Renner, Esq.,
    Debra Miller Krebs, Esq., Of Counsel.

**Wood, Smith, Henning & Berman, LLP**
*Attorneys for the Fourth-Party Defendants*
685 Third Ave, 18th Floor
New York, NY 10017
  By: Nancy Quinn Koba, Esq.,
    Thomas Worger, Esq., Of Counsel.

**SPATT, District Judge**:

On June 10, 2016, plaintiff Golden Insurance Company ("Golden Insurance") brought this action against the defendants Elite Parking Area Maintenance, Inc. ("Elite Parking") and Elite Snow, Inc. ("Elite Snow," and collectively with Elite Parking, the "Elite Defendants") seeking to void an insurance policy issued to the Elite Defendants due to allegedly material misrepresentations and fraud by the Elite Defendants in procurement of the Policy.

On June 29, 2017, the Elite Defendants commenced a third-party action against their insurance broker, James F. Sutton Agency, Ltd. ("Sutton"), alleging Sutton engaged in "negligent and/or intentional failure[s]" and misrepresentations in connection with the Elite Defendants' policy application.

Presently before the Court are two motions pursuant to Federal Rule of Civil Procedure 41(a)(2), first, by Golden Insurance to voluntarily dismiss its action against the Elite Defendants with prejudice, and second, by the Elite Defendants to voluntarily dismiss their third-party action against Sutton without prejudice. For the following reasons, the Court grants both motions.

## I. BACKGROUND

On June 29, 2018, Golden Insurance and the Elite Defendants reported to the Court that they had resolved their differences, requesting "that a conference be held as soon as practicable so that the remaining parties can discuss how to handle the Third-Party action going forward, as well as the impact of the settlement on the existing deposition schedule."

On July 3, 2018, Golden Insurance and the Elite Defendants executed a written agreement memorializing the terms of their settlement.

On July 6, 2018, Golden Insurance submitted a Stipulation of Dismissal with prejudice relating to the main action only, signed only by counsel for Golden Insurance and the Elite Defendants, and requesting that the stipulation be "so ordered" by the Court pursuant to Rule 41(a)(2). Sutton filed a letter opposing the stipulation, requesting either that the Court reject the stipulation or grant an involuntary dismissal of the claims asserted by the Elite Defendants against Sutton.

On July 9, 2018, the Elite Defendants filed a letter motion requesting voluntary dismissal of the third-party claims without prejudice. Sutton opposed that application the following day.

On July 12, 2018, the Elite Defendants filed a formal motion to dismiss without prejudice under Rule 41(a) (2).

On August 9, 2018, the Court denied the Elite Defendants' motion without prejudice, and directed Golden Insurance and the Elite Defendants to refile their motions to dismiss as joint formal motions with consolidated briefing.

On September 28, 2018, Golden Insurance and the Elite Defendants moved to dismiss the main action and the third-party action pursuant to Rule 41(a)(2).

At this point in time, discovery remains open. Although the parties exchanged written discovery and noticed depositions, no depositions have taken place. Further, no trial date has been set and no party has moved for summary judgment.

## II. DISCUSSION

### A. THE LEGAL STANDARD.

Rule 41(a) sets forth the procedure to be followed where a plaintiff seeks to voluntarily discontinue an action. A case can be voluntarily dismissed without court approval upon agreement of all parties, or by plaintiff alone if dismissal is sought prior to service of an answer or a motion for summary judgment. Fed.R.Civ.P. 41(a)(1). Under other circumstances, a plaintiff can voluntarily withdraw an action pursuant to Rule 41(a)(2) only "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). Whether to grant dismissal is within the discretion of the Court. *Corrado v. New York State Unified Court Sys.*, 698 Fed.Appx. 36, 37 (2d Cir. 2017).

Any such dismissal is without prejudice unless the dismissal order otherwise provides. Fed.R.Civ.P. 41(a)(2). Although "[v]oluntary dismissal without prejudice is ... not a matter of right," *Corrado*, 698 Fed.Appx. at 37 (quoting *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)), "[g]enerally ... 'a voluntary dismissal without prejudice ... will be allowed 'if the defendant will not be prejudiced thereby.'" *Riley v. United States*, 78 Fed.Appx. 774, 776 (2d Cir. 2003) (quoting *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001)); *see also Ascentive, LLC v. Opinion*

4

*Corp.*, No. 10-cv-4433, 2012 WL 1569573, at *2 (E.D.N.Y. May 3, 2012) ("Although voluntary dismissal without prejudice is not a matter of right, there is a presumption in this circuit that generally motions to dismiss claims without prejudice should be granted.").

The Second Circuit has recognized that "[t]wo lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)). The first "indicates that such a dismissal would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Id.* (quoting *Camilli*, 436 F.3d at 123). The second line of authority "indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors." *Id.* (quoting *Camilli*, 436 F.3d at 123); *see generally Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). The *Zagano* factors include: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Kwan*, 634 F.3d at 230; *see also Zagano*, 900 F.2d at 14. "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan*, 634 F.3d at 230.

**B. APPLICATION TO THE FACTS.**

Sutton does not oppose Golden Insurance's request to dismiss the main action with prejudice but claims that the Elite Defendants should not be permitted to voluntarily discontinue their claims without prejudice. The Court finds that dismissal of the third-party action without prejudice is proper under either line of authority identified by the Second Circuit.

### 1. As to the Prejudice to Sutton.

Under the first line of authority, a voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed "if the defendant will not be prejudiced thereby." *Wakefield v. Northern Telecom Inc.*, 769 F.2d 109, 114 (2d Cir.1985). However, the prospect of starting an entirely new litigation, along with the attendant additional expense, does not translate to legal prejudice sufficient to deny a motion to voluntarily withdraw. *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir.1996); *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 355 (E.D.N.Y. 2002) (Spatt, J.); *Staten Island Terminal, LLC v. Elberg*, No. 11-cv-3262, 2012 WL 1887126, *3 (E.D.N.Y.2012). Nor does the uncertainty associated with an unresolved dispute constitute legal prejudice. *Staten Island Terminal, LLC*, 2012 WL 1887126, at *3.

Additionally, the age of a case, standing alone, does not require a finding of prejudice or otherwise require denial of a motion to withdraw. Even where a case is several years old, a motion to withdraw is properly granted where the matter has not progressed beyond the discovery stage. *See Coffaro v. Crespo*, No. 08-cv-2025, 2013 WL 623577, at *2 (E.D.N.Y. Feb. 19, 2013). Indeed, courts have continually recognized that the age of a case in which the parties have not proceeded beyond the discovery stage does not preclude voluntary dismissal. *See id.*; *see also Catanzano*, 277 F.3d at 110 (holding district court should have allowed dismissal in nine-year-old case in light of fact that claim had "thus far not been litigated and only halting discovery [had] taken place"); *Parker v. Tougher Indus., Inc.*, No. 06-cv-0400, 2013 WL 316389, at *2 (N.D.N.Y. Jan. 28, 2013) (granting motion to dismiss without prejudice in seven year old case).

Instead, legal prejudice in the context of a Rule 41 motion is defined as "the impairment of some legal interest, some legal claim, or some legal argument." *Coffaro*, 2013 WL 623577, at *2. Legal prejudice would occur, for example, if dismissal of the plaintiff's case also impairs the ability

of a defendant to pursue a counterclaim in the same action that a plaintiff seeks to dismiss. *Staten Island Terminal, LLC*, 2012 WL 1887126, at *3.

According to Sutton, the third-party action falls under an exception to the rule, which provides that when a "cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action, . . . he may insist that the cause proceed to a decree." *D'Alto*, 100 F.3d at 283. In Sutton's view, it is "in a position to seek affirmative relief" because the Elite Defendants "will not only be [un]able to establish that any alleged wrongdoing on the part of Sutton proximately caused harm to them, but they are also unable to establish that Plaintiff's efforts to attempt to rescind the policy were foreseeable." ECF 105-15 at 11.

However, Sutton's argument incorrectly conflates its belief that will succeed on the merits with the possibility to obtain affirmative relief. Because Sutton does not seek to recover for any alleged injury caused by the Elite Defendants, it is not pursing "affirmative relief" as contemplated by the exception. *See Hinfin Realty Corp.*, 206 F.R.D. at 354–55 (concluding that affirmative defenses are not "affirmative relief"); *NAACP New York State Conference v. New York State Bd. of Elections*, No. 10-cv-2950, 2012 WL 3288850, at *2 (E.D.N.Y. Aug. 9, 2012) (finding defendants faced no legal prejudice where they had "not suggested that dismissal without prejudice would harm any potential counterclaims, or prevent them from receiving relief to which they are entitled"). Indeed, Sutton makes no claim for damages "independent of [the Elite Defendants'] claim," meaning that any relief obtained would be "purely defensive and not offensive." *Hinfin Realty Corp.*, 206 F.R.D. at 354. If the Court construed legal prejudice as Sutton suggested, the exception would swallow the rule because defendants could defeat voluntary dismissal under Rule 41(a)(2) merely due to their belief that they will prevail in the suit.

7

Therefore, the Court finds that dismissal of the third-party action without prejudice would be proper under the first line of authority.

2. **As to the *Zagano* Factors.**

The Court finds the *Zagano* factors weigh in favor of permitting dismissal without prejudice.

The first factor – the diligence of the plaintiff – favors the Elite Defendants. The Elite Defendants initially moved for voluntary dismissal of the third-party action less than a week after consummating the written settlement of the main action, which is more than reasonable. *See Hinfin Realty Corp.*, 206 F.R.D. at 355 ("The Court finds that the plaintiffs were diligent in bringing their motion to dismiss the action without prejudice because they filed it immediately after the events that led to their decision not to pursue the action at this time."); *Crye Precision LLC v. Bennettsville Printing*, No. 15-cv-00221, 2017 WL 4325817, at *4 (E.D.N.Y. Sept. 27, 2017) ("Crye was reasonably diligent in bringing the motion less than a week after the Second Circuit's decision in Duro II."). To the extent that the Elite Defendants delayed in bringing the present motion, that delay is attributable to the Court's denial of the parties' initial motions in order to facilitate consolidated briefing.

The second factor – the vexatious of the plaintiff – favors the Elite Defendants. Sutton provides, and the Court sees, no reason to believe that the Elite Defendants brought the third-party action to harass Sutton or that the Elite Defendants had any ill motive. Nor has Sutton demonstrated that the Elite Defendants' claims are baseless or frivolous or that the Elite Defendants engaged in any patently dilatory or inappropriate motion practice. Accordingly, the Elite Defendants' behavior in this litigation cannot be described as vexatious. *See Staten Island Terminal, LLC,* 2012 WL

1887126, at *4 ("In cases where there is no evidence to suggest that the case was brought to harass the defendant or that a plaintiff had ill-motive, dismissal without prejudice is favored.").

The third factor – the progress of the suit and the expenses incurred by the defendant – favors the Elite Defendants. Discovery remains open, the parties have yet to move for summary judgment, and no pre-trial conference has been held or trial date set. These circumstances favor dismissal without prejudice. *See Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 216 F.R.D. 29, 36–37 (E.D.N.Y. 2003) (granting motion for voluntary dismissal where plaintiff's decision to drop claims was "certainly far from any trial date"); *Staten Island Terminal, LLC*, 2012 WL 1887126, at *4 (granting voluntary dismissal where, even though the discovery deadline had passed, "discovery attempts [were] in their early stages" and "no pre-trial conference has been held or trial date set"); *Tierney v. Constellation Energy Grp., Inc.*, No. 06-cv-220, 2007 WL 4246301, at *2 (N.D.N.Y. Nov. 28, 2007) (granting voluntary dismissal where "the record does not reveal whether the parties have completed discovery [and, i]n any event, the Court has not scheduled this matter for trial").

The fourth factor – the duplicative expense of relitigation – also favors the Elite Defendants. Although Sutton points out that the state court action might overlap with the third-party action, the additional time and expense incurred by defending the third-party claims in that action would not be especially onerous. The facts and allegations in the third-party action are relatively straightforward, such that Sutton will almost certainly be able to use what work has been completed in this action to defend the state court suit. *See Hinfin Reality Corp.*, 206 F.R.D. at 356 (finding no prejudice where defendant "can use some of the material discovered and the legal work already done, if the case is renewed in the future"); *Staten Island Terminal, LLC,* 2012 WL 1887126, at *4 ("If SI again files suit against Elberg on these straightforward facts and allegations,

9

Elberg will almost certainly be able to use what work has been completed in this action to defend any subsequent suit.").

The fifth factor – the adequacy of the plaintiff's explanation for the need to dismiss – favors Sutton. The Elite Defendants' purported reason for seeking voluntary dismissal is "to stanch the formidable legal fees incurred by them." ECF 104-1 at 7. The Elite Defendants' purported reason is facially acceptable. *See Hinfin Realty Corp.*, 206 F.R.D. at 356 (granting voluntary dismissal where the plaintiff did "not want to spend additional money to continue an action that he might find to be unnecessary."). However, the Court gives their explanation little credence in light of the fact that the Elite Defendants already commenced an overlapping state court action. In the Court's view, if the Elite Defendants were primarily motivated by the cost of this litigation, starting a new lawsuit from scratch would not reduce their aggregate expenses.

Nonetheless, the Court finds that the balance of the *Zagano* factors weighs in favor of dismissal without prejudice regardless of the Court's determination of the fifth factor. Viewing its arguments as a whole, Sutton essentially opposes such an outcome because it believes the Elite Defendants are attempting to avoid an unsuccessful determination on the merits. But Sutton's supposed victory is not yet imminent; discovery remains open and the parties have yet to move for summary judgment. In light of the settlement of the main action, and the long-line of authority that the mere prospect of a second lawsuit is not cognizable legal prejudice, the Court is of the mind that dismissal of the third-party action without prejudice is appropriate under the circumstances.

### III.  CONCLUSION

For the foregoing reasons, the Court grants the motions to dismiss by Golden Insurance and the Elite Defendants in their entirety. The Court hereby dismisses the main action with prejudice and the third-party action without prejudice. Sutton is directed to inform the Court as to

whether it intends to proceed with its fourth-party action against O'Doherty & Cataldo and Dennis O'Doherty, Jr no later than April 30, 2019.

It is **SO ORDERED**:

Dated: Central Islip, New York

April 16, 2019

\_\_\_/s/ Arthur D. Spatt_____

ARTHUR D. SPATT

United States District Judge